USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against -

RICARDO GARCIA DIAZ

    Defendant.

------------------------------X

ORDER OF JUDICIAL REMOVAL

S1 20 CR 140 (LAK)

Upon the application of the United States of America, by Thomas John Wright, Assistant United States Attorney, Southern District of New York, upon the Factual Allegations in Support of Judicial Removal; upon the consent of RICARDO GARCIA DIAZ ("the defendant") and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Mexico and a citizen of Mexico.

3. The defendant arrived in the United States at or near an unknown place, on or about an unknown date of entry. The defendant was not then admitted or paroled after inspection by an Immigration Officer.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of participating in a conspiracy to distribute and possess with intent to distribute 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

5. The maximum sentence for violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), is life imprisonment, with a mandatory minimum term of imprisonment of 10 years.

6. The defendant is subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an individual who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an individual who has been convicted of, or who admits having committed acts which constitute the essential elements of, a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance; Section 212(a)(2)(C) of the INA, 8 U.S.C. § 1182(a)(2)(C), as an individual who the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in Section 802 of Title 21); and Section 212(a)(6)(A)(i) of the INA, as amended, 8 U.S.C. § 1182(a)(6)(A)(i), as an individual who is present in the United States without being admitted or paroled.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Mexico as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Mexico.

Dated: New York, New York
\_\_\_6/30\_\_\_, 2021

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE